# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:16cr23 |
| ) | |
| FERNANDO COPELAND, ) | |
| ) | |
| *Defendant.* ) | |

## STATEMENT OF FACTS

This statement of facts is submitted in support of the guilty plea to Count One of the Indictment. Count One charges the defendant with conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B). This statement of facts contains information necessary to support the guilty plea. It is not intended to include each and every fact in the case. If the matter had gone to trial, the United States would have proven Count One of the Indictment by proof beyond a reasonable doubt of the facts set forth below.

On January 8, 2015, deputies with the Phelps County Sheriff's Department in Phelps County, Missouri stopped a rented silver Chevrolet Suburban traveling westbound on Interstate 44 in Missouri for a traffic violation. During the stop, the deputies identified the driver of the rental vehicle as T.F. The deputies further identified the front seat passenger as L.P. T.F. provided the deputies with an Arizona driver's license. T.F. and L.P. advised the deputies that they were traveling from Virginia Beach, Virginia to Arizona. During the stop, T.F. consented to a search of the vehicle and the deputies subsequently located and seized approximately $303,960 in cash which they found concealed inside the spare tire stored underneath the rear exterior area of the rental vehicle. T.F. and the two passengers disclaimed any knowledge of the seized cash. The deputies located and seized four cellular phones from the interior of the rental vehicle. T.F.,

L.P. and the other passenger each consented to a search of the contents of their respective phones. In both T.F. and L.P.'s recent call logs, the deputies located a phone number with a 757 area code listed under the name "Danny."

Prior to the traffic stop of T.F., deputies with the Phelps County Sheriff's Department observed that the vehicle being operated by T.F. appeared to be traveling in tandem with another vehicle, a rented black Chevrolet Suburban. Deputies subsequently located the black Suburban parked and unoccupied at a gas station near Interstate 44 in St. Robert, Missouri. Several hours later, deputies observed A.S., who was subsequently determined to be a resident of Norfolk, Virginia, approaching the black Suburban. The deputies made contact with A.S. and engaged him in a conversation concerning his travel and associations. A.S. advised police that he was traveling with two other male subjects who A.S. identified as "Danny" and Howard.

A.S. consented to a search of the black Suburban. The deputies located multiple, brand-new (still in the retail packaging) large duffle bags inside the black Suburban. The deputies found retail receipts from recent transactions in the Norfolk, Virginia area. The deputies found a rental agreement for the vehicle indicating the black Suburban was rented on December 23, 2014 in Norfolk, Virginia and was to be returned by January 6, 2015.

Between January 30, 2015 and March 1, 2015, pursuant to court order, Special Agent Eric R. Jones with Homeland Security Investigations (HSI) in Norfolk, Virginia, received real-time GPS tracking data for the cellular device associated with the 757 phone number belonging to "Danny." The GPS data indicated the cellular device associated with "Danny" was frequently in the vicinity of a residence in the 1300 block of Coltrane Drive in Portsmouth, Virginia.

During this time, Special Agent Jones and other law enforcement officers conducted multiple trash pulls at the Coltrane Drive residence. On March 12, 2015, law enforcement recovered approximately nine boxes of empty food saver bags and retail packaging from the

2

purchase of a duffel bag from inside a city of Portsmouth trash can found outside the residence. One clear plastic food saver bag was cut open and was found to contain residue which field tested positive for marihuana. On April 9, 2015, law enforcement conducted a trash pull at the Coltrane Drive residence and found: twelve jumbo magic storage bags, nine boxes of empty food saver bags, five bundles of used green plastic wrap, a pair of rubber gloves and retail packaging (an empty box) for rubber gloves. Inside several of the jumbo magic bags officers found residue which was determined to be marihuana through field testing.

On May 1, 2015, Special Agent Jones determined that the Coltrane Drive, Portsmouth, Virginia residence had been abandoned. In June of 2015, Special Agent Jones determined that "Danny" was an alias used by Fernando COPELAND. In August of 2015, Special Agent Jones determined that Fernando COPELAND had moved to a residence in the 4000 block of Oak Moss Court in Chesapeake, Virginia.

On September 14, 2015, Special Agent Jones conducted drive-by surveillance of the Oak Moss Court residence. Special Agent Jones observed a black Buick Enclave displaying Washington state tags parked in the driveway. Special Agent Jones determined the black Buick Enclave was a rental. Law enforcement established surveillance on the black Buick Enclave.

Continuing on September 14, 2015, at approximately 12:30 p.m., Task Force Officers (TFOs) McAndrew and Scott observed a dark blue Dodge Magnum bearing Virginia tags and occupied by two males (later identified as co-defendants Denzell Johnson and Troy Johnson) pass by the Oak Moss Court residence. Denzell Johnson and Troy Johnson appeared to take notice of TFOs McAndrew and Scott sitting inside their unmarked vehicle. TFOs McAndrew and Scott drove away but were followed by Denzell Johnson and Troy Johnson in the Dodge Magnum until TFOs McAndrew and Scott crossed into Portsmouth, Virginia.

A short time later, additional surveillance units observed the dark blue Dodge Magnum

3

return to the Oak Moss Court residence. Surveillance officers observed Denzell Johnson and Troy Johnson entering the residence. Fernando COPELAND was observed backing the black Buick Enclave up to the garage at the Oak Moss Court residence. Surveillance officers then observed COPELAND, Denzell Johnson and Troy Johnson loading multiple black duffle bags from inside the garage into the black Buick Enclave.

At approximately 12:45 p.m., the black Buick Enclave and the Dodge Magnum departed the Oak Moss Court residence. Police stopped both vehicles at the intersection of Raintree Road and Old Taylor Road in Chesapeake, Virginia. The police detained all three subjects and searched both vehicles. The police located multiple large black duffel bags in the Buick Enclave and discovered a total of approximately 300 pounds of marihuana inside.

TFO McAndrew advised COPELAND of his *Miranda* rights at approximately 1:05 p.m. COPELAND agreed to be interviewed by law enforcement. COPELAND also consented to a search of his residence in the 4000 block of Oak Moss Court in Chesapeake, Virginia. COPELAND advised law enforcement that he had returned to Virginia from Arizona that morning in the rented Buick Enclave with the marihuana seized by police. According to COPELAND, Troy Johnson became concerned about law enforcement after he observed TFOs McAndrew and Scott outside COPELAND's residence. Troy Johnson intended to move the marihuana to a stash house.

COPELAND advised that Troy Johnson resided at an apartment in the Virginia Beach Town Center area. COPELAND identified an apartment in the 4500 block of Columbus Street, Virginia Beach, Virginia as Troy Johnson's apartment. COPELAND added that the week before COPELAND went to Arizona to pick up the seized marihuana, COPELAND received $150,000 cash from Troy Johnson at the Virginia Beach apartment. After COPELAND received the $150,000 at the apartment, Troy Johnson drove COPELAND to the Greyhound Bus Station in

4

Norfolk, Virginia. COPELAND then traveled to Arizona by bus. COPELAND met Troy Johnson in Arizona where COPELAND and Troy Johnson proceeded to obtain the marihuana.

At approximately 10:46 p.m., police executed a search warrant at Troy Johnson's apartment in Virginia Beach, Virginia. Inside the apartment, the police located three bedrooms which were determined to belong to Troy Johnson, Denzell Johnson and a female child, respectively. During the search, U.S. currency totaling approximately $149,685 was recovered from two air vents in the kitchen and an air vent in the child's room.

Special Agent Jones interviewed COPELAND on two subsequent occasions at the Norfolk City Jail. COPELAND explained that in approximately 2009, he and Troy Johnson were introduced to "Tone," an Arizona resident. "Tone" began sending marihuana to COPELAND and Troy Johnson through the U.S. Mail. According to COPELAND, "Tone" was obtaining the marihuana from a Hispanic male named Victor. "Tone" stole 50 pounds of marihuana from Victor, following which Victor began supplying marihuana directly with COPELAND and Troy Johnson. After COPELAND and Troy Johnson began obtaining marihuana directly from Victor, COPELAND learned that Victor had a partner named "Rich." Victor and Rich eventually parted ways and for the last several years, COPELAND and Troy Johnson have been obtaining marihuana directly from "Rich."

According to COPELAND, when COPELAND and Troy Johnson started obtaining marihuana from the Arizona suppliers, COPELAND and Troy Johnson would send money to Arizona to purchase approximately 100 pounds of marihuana. The Arizona suppliers would mail the marihuana to addresses in the Hampton Roads area in multiple packages, each containing approximately ten pounds of marihuana. When the packages were delivered, COPELAND would pick up the packages from various locations. COPELAND advised he was arrested in Virginia Beach on January 30, 2013 during a controlled delivery of a parcel containing

marihuana and that the marihuana had been sent from Arizona to COPELAND and Troy Johnson.

In September 2013, Troy Johnson and COPELAND traveled together to Arizona after a package containing money they had sent through FedEx was lost. Thereafter, Troy Johnson flew to Arizona and COPELAND transported money from Virginia to Arizona in rental cars with female drivers who came from Arizona. After the money was seized by law enforcement on January 8, 2015 in Phelps County, Missouri, COPELAND began travelling to Arizona with the money on the bus. COPELAND and Troy Johnson would then transport 100 to 200 pounds of marihuana back to Virginia for distribution.

COPELAND recalled that in late 2014, he and Troy Johnson received 600 pounds of marihuana which COPELAND and Troy Johnson sold in Virginia. COPELAND and Troy Johnson returned to Arizona to purchase an additional 600 pounds of marihuana but police in Missouri stopped the vehicle in which the money was being transported and seized the money. COPELAND and Troy Johnson did not make another trip to Arizona until March 2015 when they received 300 pounds of marihuana in Arizona. COPELAND and Troy Johnson resumed making monthly trips to Arizona to obtain marihuana and received 400 pounds of marihuana in April 2015, 400 pounds of marihuana in May 2015, 400 pounds of marihuana in June 2015, 300 pounds of marihuana in July 2015, 300 pounds of marihuana in August 2015 and, finally, 300 pounds of marihuana in September 2015. COPELAND indicated that this final shipment of marihuana was the marihuana seized by the police in Chesapeake, Virginia on September 14, 2015.

COPELAND stated that Troy Johnson oversaw the distribution of the marihuana once it arrived in the Hampton Roads area. Troy Johnson distributed marihuana to several local dealers including his nephew, Denzell Johnson.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov

**Defendant's Signature**: After consulting with my attorney and pursuant to the plea agreement entered into this day between myself, the United States and my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Defendant

**Defense Counsel's Signature:** I am Fernando Copeland's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Counsel for the Defendant

7